NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3192

HENRY G. MAYS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Henry G. Mays, of Cleveland Heights, Ohio, pro se.

Calvin M. Morrow, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief was B. Chad Bungard, General Counsel.

Appealed from:   Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3192

HENRY G. MAYS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752070206-I-1.

_____

DECIDED: December 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Henry G. Mays petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") which dismissed for lack of jurisdiction his appeal challenging his demotion from a probationary supervisory position. <u>Mays v. Dep't of Veterans Affairs</u>, No. CH-0752-07-0206-I-1 (M.S.P.B. Aug. 16, 2007). We <u>affirm</u>.

## DISCUSSION

### I.

Mr. Mays is currently employed by the Department of Veterans Affairs ("DVA" or "the agency") as a Medical Supply Technician, GS-0622-06, in Cleveland, Ohio. On

January 23, 2005, he was informed he would be promoted from Medical Supply Technician to Supervisory Medical Supply Technician, GS-0622-07. Mr. Mays was told that he would have to successfully serve a one-year probationary period before the promotion would become permanent. On January 17, 2006, just before the end of the probationary period, the DVA informed Mr. Mays that it was demoting him back to his position as a Medical Supply Technician.[1]

On April 13, 2006, Mr. Mays brought an Equal Employment Opportunity ("EEO") complaint, stating that the DVA had demoted him on account of race. The agency issued its Final Agency Decision ("FAD") on December 18, 2006, concluding that Mr. Mays had failed to show the demotion was a result of race discrimination. The FAD informed Mr. Mays that he could appeal the decision to the MSPB, as it presented a mixed-case complaint.

On January 18, 2007, Mr. Mays appealed to the MSPB, challenging his demotion from Supervisory Medical Supply Technician back to Medical Supply Technician. Mr. Mays indicated that he never used the derogatory language the DVA accused him of using, that he was joking when he made the comments in question, and that the witnesses against him were not interviewed by the agency. On April 5, 2007, the Administrative Judge ("AJ") to whom the appeal was assigned issued an Order to Show Cause, informing Mr. Mays that the Board has jurisdiction over demotions of

---

[1] The DVA stated it was demoting Mr. Mays for "workplace actions . . . it considered unbecoming of a supervisor," based on an incident that occurred in October of 2005. Mr. Mays allegedly got into an altercation with a subordinate employee, making statements "hinging on religious discrimination." Mr. Mays's supervisor, Douglas Stranman, heard the two arguing and attempted to resolve the situation. Letter from Micki Dubuis, Chief Acquisition and Material Mgmt. Serv., Dep't of Veterans Affairs, to Henry G. Mays, Proposed Demotion (Nov. 8, 2005).

probationary supervisors only in limited circumstances. Namely, a probationary supervisor who is returned to his or her former position for failure to complete the probationary period in a satisfactory manner can invoke MSPB jurisdiction only if the demotion is based on discrimination for partisan political status or marital status. The AJ informed Mr. Mays that he had to establish jurisdiction. Mr. Mays failed to submit a response to the Order to Show Cause.

The AJ held that the Board lacked jurisdiction over Mr. Mays's demotion to his former position because he did not allege the action resulted from discrimination for partisan political affiliation or marital status. Mays v. Dep't of Veterans Affairs, No. CH-0752-07-0206-I-1, slip op. at 3 (M.S.P.B. Apr. 24, 2007). The AJ did not hold a jurisdictional hearing "because the Board's lack of jurisdiction [was] apparent from the undisputed documentary record." Id. at 1. The AJ's initial decision became the final decision of the Board on August 16, 2007, after the Board declined to review the decision under 5 C.F.R. § 1201.115 (2007). This appeal followed.

## II.

We have jurisdiction over Mr. Mays's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999). In order to

receive a jurisdictional hearing, the petitioner must allege non-frivolous facts establishing jurisdiction. The petitioner has the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2008). We see no error in the decision of the Board in this case.

III.

Mr. Mays alleges on appeal that his demotion was unwarranted because (1) his subordinate lied about the nature of the comments made during the October 2005 incident, (2) the agency refused to hear his witnesses on the subject, and (3) his supervisor wrote him up to avoid negative repercussions from those higher up in the agency. Mr. Mays, however, does not address the jurisdictional issue.

The Board does not have plenary jurisdiction; jurisdiction must be granted by statute or regulation. 5 U.S.C. § 7701(a) (2006). The Board has very limited jurisdiction over the demotion of probationary supervisors who fail to complete the probationary period and are returned to positions of "no lower grade and pay than those from which they were promoted." 5 U.S.C. § 3321(a)(2), (b)(1), (b)(2) (2006). Namely, the Board does not have jurisdiction absent proof that the termination resulted from discrimination based on marital status or partisan political reasons. 5 C.F.R. § 315.908(a), (b) (2008); Hardy v. Merit Sys. Prot. Bd., 13 F.3d 1571, 1573 (Fed. Cir. 1994).

In this case, the face of the record makes it clear that the Board lacked jurisdiction over Mr. Mays's appeal. Mr. Mays was required to complete a one-year probationary period, from January 23, 2005 to January 22, 2006, for his position as Supervisory Medical Supply Technician. He was removed from this supervisory position on January 17, 2006, and placed in his former position of Medical Supply

Technician. This was a position of "no lower grade and pay than [that] from which he was promoted." Under these circumstances, in order to establish Board jurisdiction, Mr. Mays was required to allege that his demotion was based on partisan political affiliation or marital status. He failed to do that. Mr. Mays only addressed the merits of his demotion, before both the Board and this court on appeal. He has not provided any evidence that his demotion was based on marital status or political affiliation. Therefore, the Board properly found that Mr. Mays had not alleged non-frivolous facts entitling him to a jurisdictional hearing.

For the foregoing reasons, the final decision of the Board is affirmed.